UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT JAMES SWINT | * | CIVIL ACTION |
| VERSUS | * | NO. 21-1068 |
| JAMES STANLEY DEAN | * | SECTION "R" (2) |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing if necessary, and to submit a Report and Recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73. ECF No. 9. Upon review of the record and applicable law, the undersigned finds an evidentiary hearing is not necessary. For reasons stated herein, IT IS RECOMMENDED that Plaintiff Robert Swint's complaint be DISMISSED WITH PREJUDICE.

## I.   BACKGROUND

Plaintiff Robert Swint, proceeding *pro se* and *in forma pauperis*, filed a complaint (ECF No. 5) and an amended complaint (ECF No. 7) on July 19, 2021. As Plaintiff Swint is proceeding *in forma pauperis* (ECF No. 10), the Court is required to conduct a statutory frivolous review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In addition to the Complaint and Amended Complaint, Plaintiff filed what he titled "Order for Preliminary Interjection and Show Cause." ECF No. 3. In these pleadings, Plaintiff names a "James Stanley Dean" (ECF No. 5, at 1) as Defendant, stating "[t]his is a 28 [sic] USC 2000E discrimination." *Id.* at 1. Swint's handwritten pleadings contain nonsensical statements about "Mr. Dean" and other individuals, including Plaintiff, that contain no logical factual allegations regarding employment discrimination under 42 U.S.C. § 2000e or any other provision of law.

1

Swint titles a section "Relief" and writes "World Population set at 8.8 Billion for 2100, here we are, time to dismantle the DMCA, signed by the true IP holder . . . ."  ECF No. 7, at 3.

## II.   STANDARD OF REVIEW

Section 1915(e)(2)(B) of Title 28 grants the Court authority to dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[1]  The statute specifically directs that the court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[2]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[3]

A claim is frivolous when it lacks an arguable basis in law or in fact.[4]  A claim lacks an arguable basis in law if it is "'based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[5]  A court may not dismiss a claim simply because the facts are "unlikely."[6]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[7]  A complaint fails to state a claim on which relief may be granted

---

[1] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1 (E.D. La. Feb. 3, 2011), *R & R adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[2] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) ("A district court must sua sponte dismiss an IFP complaint in a civil action at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted . . . .").
[3] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoners plaintiffs.").
[4] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[6] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[7] *Id.*

when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[8]

### III.    ANALYSIS

Under the broadest reading to be afforded *pro se* complaints,[9] Swint's complaint is nonsensical, disorganized, and contains incongruous sentences, phrases, and references with no apparent purpose. Swint's complaint reflects facts that are fanciful, fantastic, and delusional with no arguable basis in law or fact. For these reasons, his complaint must be dismissed as frivolous.[10]

Additionally, Swint's complaint failed to set forth any basis for federal jurisdiction or this Court's jurisdiction. Fed. R. Civ. P. 8(a) requires a pleading for a claim of relief to state a short and plain statement of the grounds for the court's jurisdiction. "'The complaint must allege sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'"[11] In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007)), the Supreme Court stated that while the pleading standard under Rule 8 does not require "'detailed factual allegations[,]'" Rule 8 does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation", and "'naked assertions' devoid of 'further factual enhancement'" will not suffice under Fed. R. Civ. P. 8 as demonstrating a short and plain statement of the claim showing that the pleader is entitled to relief. Even with a *pro se* litigant, the complaint

---

[8] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9] *Moore*, 976 F.2d at 269 (holding *pro se* complaints must be broadly construed).

[10] *See Simmons v. Payne*, 170 F. App'x 906, 907–08 (5th Cir. 2006) (holding plaintiff could not proceed as pauper on appeal as district court did not abuse discretion when it dismissed plaintiff's complaint as frivolous when his complaint contained allegations of conspiracy among the government that were fanciful, irrational, incredible and delusional); *Windsor v. Pan Am. Airways*, 744 F.2d 1187 (5th Cir. 1984) (affirming dismissal as frivolous where plaintiff alleged airline crash and theft that were the result of conspiracy among various United States presidents).

[11] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Housing Authority of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R & R adopted*, 2012 WL 700625 (E.D. La. Feb. 29, 2012).

still must convince the Court that plaintiff has colorable claims.[12]  Although Plaintiff cites "28

[sic] U.S.C. 2000e, his fantastical statements contain no comprehensible set of facts reflecting a

claim against his employer, as necessary to state claim under 42 U.S.C. 2000e or provide a basis

for federal question jurisdiction.  Therefore, his claim should also be dismissed for failure to

comply with Fed. R. Civ. P. 8(a).

## IV.   CONCLUSION

Plaintiff Robert Swint's complaint contains incongruous phrases and sentences that assert

fanciful, delusional, and fantastic allegations, and thus, he has not presented a cognizable cause of

action.  His complaint, as amended, should be dismissed as frivolous and for failure to state a claim

under 28 U.S.C. § 1915(e).  His complaint, as amended, also fails to set forth a basis for this

Court's jurisdiction or any colorable claim for which he is entitled to relief pursuant to Fed. R.

Civ. P. 8.  It should be dismissed for that reason as well.  As Plaintiff has not produced any facts

that would support any potentially valid claim, his complaint should be dismissed with prejudice.[13]

Accordingly.

IT IS RECOMMENDED that Plaintiff Robert Swint's complaint be DISMISSED WITH

PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[12] *Mills v. Crim. Dist. Crt. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

[13] When the Complaint includes facts that could be amended to state a viable claim, it should be dismissed without prejudice.  *See Mills*, 837 F.2d 677, 679 (5th Cir. 1988).

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[14]

New Orleans, Louisiana, this 22nd day of September, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[14] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).